By the Court.—Speir, J.
Under section 94 of the Code of Procedure, in force when the injury to plaintiff occurred, April 18, 1877, a right of action accrued to the plaintiff, subject only to the one year limitation. On June 5, 1877, the repealing act was passed by section 383, subdivision 5, and went into effect September 1, 1877, repealing absolutely section 94, subdivision 2 of the Code of Procedure, containing the one year clause.
The defendant’s counsel claims that the case is within the exceptions of section 414 of the Code as .amended. When subdivision 4 of that section went into effect, the time to commence the action had not expired.
When the injury occurred, April 18, 1877, the plaintiff had one year in which to bring the action. The repealing act was j>assed and took effect within the year, viz., on September 1, 1877, and the time of limitation was changed from one to three years, and there is no saving clause in the repealing act by which the act repealed can have any application in this case •under the provisions of the Code. It certainly could not be in the mind of the legislature, while extending the statute from one to three years, that they should cut *46 off the short time of one year secured to a party, as a matter of law, to a period of about four months.
Where an act of parliament is repealed, it must be considered, except as to transactions passed and closed, as if it never existed (Dwarris on Statutes, 676).
Judgment affirmed, with costs.
Sedgwick, Ch. J., concurred.